

# Richland County
# Fifth Judicial Circuit
# Public Index



Richland County Home Page  Online Payments  Public Index  City of Columbia Municipal Ct  S.C. Judicial Department  Summary Ct Dockets

Switch View

## Select Portfolio Servicing Inc , plaintiff, et al vs Assurant Inc , defendant, et al

| Case Number: | 2026CP4004375 | Court Agency: | Richland County Common Pleas | Filed Date: | 06/23/2026 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Breach of Cont 140 | File Type: | Mediator – Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

**Case Parties    Judgments    Tax Map Information    Associated Cases    Actions    Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Mcdaniel, Calvin D | ADR/Alternative Dispute Resolution (Clerk Workflow) | Action | | 01/19/2027-11:32 | | |
| Mcdaniel, Calvin D | Summons & Complaint | Filing | | 06/23/2026-11:32 | | 📄 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch ● All rights reserved

ELECTRONICALLY FILED - 2026 Jun 23 11:32 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004375

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>RICHLAND COUNTY<br><br>SELECT PORTFOLIO SERVICING, INC. and CALVIN D. MCDANIEL,<br><br>   *Plaintiffs,*<br><br>vs.<br><br>ASSURANT, INC. d/b/a AMERICAN SECURITY INSURANCE COMPANY,<br><br>   Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT<br>C/A No.:<br><br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE-NAMED:   ASSURANT, INC. d/b/a AMERICAN SECURITY INSURANCE COMPANY.

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

This the 23rd day of June, 2026.

s/ Joseph R. Pellington
S.C. Bar No. 100490
SALTER SHOOK & CONNER, PC
P.O. Box 1040
Vidalia, GA 30475
Tel: 912-537-1448
Fax: 912-538-0970
jpellington@vidalialaw.com
*Attorney for Plaintiff*

1

ELECTRONICALLY FILED - 2026 Jun 23 11:32 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004375

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>RICHLAND COUNTY<br><br>SELECT PORTFOLIO SERVICING, INC.<br>and CALVIN D. MCDANIEL,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>ASSURANT, INC. d/b/a AMERICAN<br>SECURITY INSURANCE COMPANY,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br>C/A No.:<br><br><br><br>**COMPLAINT** |

NOW COMES Plaintiffs Select Portfolio Servicing, Inc. and Calvin D. McDaniel ("Plaintiffs"), by and through counsel, complaining of the Defendant Assurant, Inc. d/b/a American Security Insurance Company ("Assurant") and shows unto the Court as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff is a citizen and resident of Richland County, South Carolina.

2. Upon information and belief, the Defendant Assurant is a Georgia corporation and duly licensed insurer in the State of South Carolina authorized to sell property insurance coverage.

3. This matter involves a dispute over an insurance policy issued to the Plaintiff by the Defendant. This court has subject matter jurisdiction to hear this case.

4. The Court may properly exert jurisdiction over the parties to this action and subject matter of the claims alleged herein.

5. Venue is proper in Richland County, South Carolina.

## FACTUAL BACKGROUND

6. The preceding paragraphs are incorporated herein by reference.

7. At all times relevant to this action, Plaintiff paid the required premiums for a contracted insurance policy, number MIP-RCH-00755-00 (the "Policy"), issued by Assurant, insuring 140 King George way, Columbia, South Carolina (the "Property"), with a policy period of February 14, 2023 to February 14, 2024.

2

ELECTRONICALLY FILED - 2026 Jun 23 11:32 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004375

8.      On or about June 26, 2023, as a result of a water heater pipe that ruptured, the Property suffered damage to, among other areas, the first floor of the Property (the "Loss"). Said Loss caused substantial damage to the Property.

9.      At all times relevant to this action, and under the terms of the Policy, Assurant provided insurance coverage on the Property for damage resulting from flooding, as well as other forms of damage.

10.      Plaintiff is the owner of the Property and the named insured under the Policy.

11.      Pursuant to the terms of the Policy, Plaintiff submitted a claim to Assurant to recover the cost of repairs to the Property as a result of the Loss.

12.      On or about July 26, 2023, Assurant denied Plaintiff's claim and has purposefully caused a delay of the claims process in an effort to force Plaintiffs to litigate or accept substantially less than a reasonable settlement amount.

13.      At all times relevant, the Plaintiff complied with requests from the Defendant and all premiums due under the Policy had been paid.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14.      The preceding paragraphs are incorporated herein by reference.

15.      Plaintiff contracted with Assurant to provide coverage for loss to the Property, including loss caused by a water heater pipe that ruptured.

16.      Plaintiff timely notified Assurant of the Loss and provided supporting information and materials regarding the Loss when requested.

17.      Assurant has breached their contract with the Plaintiff in one or more of the following ways:

a.      Failed to pay for loss covered by the insurance policy;
b.      Failed to properly investigate the loss;
c.      Attempted to settle the claim for an amount less than the amount to which a reasonable individual would have believed they were entitled;
d.      Accepted premiums but failed to provide coverage for documented loss;
e.      Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and
f.      Other ways which may be proven through discovery in this matter.

18.     As of the date of this complaint, and as a result of the Defendant's breach as set forth above, the Plaintiff has been damaged in an amount to be proven at the trial in this matter but is in excess of $7,500.00.

19.     By virtue of Assurant's breach, the Plaintiff is entitled to actual, consequential, and/or incidental damages together with interest thereon at the highest legal rate from the date of breach until paid in full.

## **SECOND CAUSE OF ACTION**
### **(Bad Faith Refusal to Pay Benefits)**

20.     The preceding paragraphs are incorporated herein by reference.

21.     The subject Policy constituted a mutually binding contract between the Plaintiff and Defendant whereby Defendant, in exchange for payment of insurance premiums, promised to provide certain benefits to Plaintiff in the event of a loss regarding the Property.

22.     Plaintiff suffered a loss to the Property as a result of a water heater pipe that ruptured.

23.     Plaintiff timely reported the claim and otherwise cooperated with the Defendant.

24.     Defendant has unreasonably failed and refused to pay money owed on the claim.

25.     As set forth above, Defendant has engaged in a number of improper claim practices in violation of S.C. Code 38-59-20, including but not limited to:

    a.  Knowingly misrepresenting to its insured pertinent facts or policy provisions relating to coverages at issue and providing deceptive or misleading information with respect to coverages;

    b.  Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

    c.  Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims;

    d.  Not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability had become reasonably clear;

    e.  Compelling claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;

    f.  Invoking policy defenses not in good faith and with a reasonable expectation of prevailing with respect to the policy defense, but for the primary purpose of discouraging or reducing a claim;

    g.  Engaging in other practices constituting an unreasonable delay in paying or an unreasonable failure to pay or settle claims in full, including needlessly and vexatiously expanding these proceedings; and

    h.  Other way to be proven during discovery.

ELECTRONICALLY FILED - 2026 Jun 23 11:32 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004375

ELECTRONICALLY FILED - 2026 Jun 23 11:32 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004375

26.     Defendant's refusal to provide Plaintiff coverage under the Policy results from the Defendant's bad faith and unreasonable actions, in breach of the implied covenant of good faith and fair dealing arising in the Policy.

27.     As a direct and proximate result of the Defendant's bad faith and refusal to provide coverage to the Plaintiff, they have been damaged and continues to incur additional damages in an amount to be determined at trial.

28.     Because the Defendant's conduct is willful, wanton, and done with reckless disregard for the Plaintiff's rights, they are also entitled to recover punitive damages.

WHEREFORE, the Plaintiff respectfully prays the Court for the following relief:

1.     That this Court award the Plaintiff actual damages in an amount to determined at the trial in this matter against the Defendant, as well as consequential and incidental damages, and punitive damages, together with interest thereon at the highest legal rate until paid in full;

2.     That the cost of this action, including attorney's fees, be taxed against the Defendant;

3.     For a jury trial on all issues so triable; and

4.     For such other and further relief as this Court deems just and proper.

This the 23rd day of June 2026.

s/ Joseph R. Pellington_____
Joseph Pellington, S.C. Bar No. 100490
SALTER SHOOK AND CONNER, PC
P.O. Box 1040
Vidalia, GA 30475
P: (912) 537-1448
F: (912) 538-0970
jpellington@vidalialaw.com
*Attorney for Plaintiff*